UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *Seneca Nation of Indians v. AmerisourceBergen Drug Corporation, et al.* <br><br> 1:18-op-45746 | ) MDL 2804 <br> ) <br> ) Case No. 1:17-md-2804 <br> ) <br> ) Judge Dan Aaron Polster <br> ) <br> ) <br> ) TRIBAL PLAINTIFFS' SHORT FORM <br> ) FOR SUPPLEMENTING COMPLAINT <br> ) AND AMENDING DEFENDANTS AND <br> ) JURY DEMAND |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in *Muscogee (Creek) Nation's* First Amended Complaint, (Doc. 731, 1:17-md-02804) and *The Blackfeet Tribe of the Blackfeet Indian Reservation's* Corrected First Amended Complaint (Redacted), (Doc. 9, 18-op-45749), both as pleaded and as may be amended in the future ("Tribal Bellwether Plaintiffs' pleadings"), and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #: 232.

INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff(s)' Existing Complaint (Doc #1, 1:18-op-45746) is expressly incorporated by reference to this Short Form[1] as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed

---

[11] Plaintiff's prior Amended Complaint was filed in error necessitating the filing of this Corrected Amended Complaint.

without prejudice.

## PARTIES – DEFENDANTS

2.    Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH, INC., McKESSON CORPORATION, PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE FREDERICK COMPANY, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA INC., NORAMCO INC, ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS INC., ALLERGAN PLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES INC., ACTAVIS LLC, ACTAVIS PHARMA, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, ECKERD CORPORATION, VALUE DRUG COMPANY, ROCHESTER DRUG CO-OPERATIVE, INC., SPECGX, LLC, PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., AMNEAL PHARMACEUTICALS, LLC, CVS HEALTH CORPORATION, RITE AID CORPORATION, WALGREENS BOOTS ALLIANCE, INC., WALMART INC., F/K/A WAL-MART STORES, INC., ANDA, INC, MYLAN PHARMACEUTICALS, INC. dba MYLAN PHARMACEUTICALS, and SANDOZ, INC

I, **Anthony J. Majestro**, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).

I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.

I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.

The following newly added Defendant(s) *do not appear* in the ARCOS data I reviewed:

    N/A

Dated: August 12, 2019    Signed: /s Anthony J. Majestro

Factual Allegations Regarding Individual Defendants

    2.1    Defendant **Eckerd Corporation** ("Eckerd") is a Delaware corporation with its principal place of business in Camp Hill, Pennsylvania. Defendant Eckerd operates as a subsidiary of Defendant Rite Aid Corporation. Defendant Eckerd is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor under the following named business entities: Eckerd Corporation dba Rite Aid Liverpool Distribution Center (#55), Rite Aid Charlotte Distribution Center (#53), Rite Aid Atlanta Distribution Center (#52), Rite Aid Philadephia Distribution Cener (#56), Eckerd Corporation #1999, Eckerd Corporation #299, Eckerd Corporation #6302. Defendant Eckerd distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Eckerd Corporation is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

    2.2    Defendant **Value Drug Company** ("Value Drug") is a Pennsylvania corporation with its principal place of business in Pennsylvania. Value Drug paid $4,000,000 in settlements claims due to failure to report suspicious orders of Oxycodone to pharmacies in Maryland and Pennsylvania in June 2014. Value Drug is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Value Drug distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Value Drug is sued as a Distributor Defendant.

    2.3    Defendant **Rochester Drug Co-Operative, Inc.** is a New York corporation with its principal place of business in Rochester, New York. Defendant Rochester Drug is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Defendant Rochester Drug distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated

herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Defendant Rochester Drug is sued as a Distributor Defendant.

2.4     Defendant **SpecGx, LLC** is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly owned subsidiary of Defendant Mallinckrodt plc. SpecGx, LLC is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. SpecGx, LLC distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. SpecGx, LLC is sued as a Marketing Defendant.

2.5     Defendant **Par Pharmaceutical, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant **Par Pharmaceutical Companies, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. (Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc., collectively "Par Pharmaceutical") was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Par Pharmaceutical distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Par Pharmaceutical is sued as a Marketing Defendant.

2.6     Defendant **Amneal Pharmaceuticals, LLC** ("Amneal") is a Delaware limited liability company with its principal place of business in Branchburg, New Jersey. Amneal manufactures, promotes, distributes and/or sells opioids nationally, including many Schedule II controlled substances such as Oxycodone and Hydrocodone. Amneal is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor.

Amneal distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Amneal is sued as a Marketing Defendant.

2.7 Defendant **CVS Health Corporation** is a Delaware corporation with its principal place of business in Rhode Island. CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, L.L.C.; CVS Orlando FL Distribution; CVS Pharmacy, Inc.; CVS RX Services, Inc, d/b/a CVS Pharmacy Distribution Center; CVS TN Distribution, LLC ; and CVS VERO FL Distribution, L.L.C (collectively "CVS"). CVS is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical Distributor. CVS distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. CVS conducts business and is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

2.8 Defendant **Rite Aid Corporation** ("Rite Aid") is a Delaware corporation with its principal office located in Camp Hill, Pennsylvania. Rite Aid Corporation, through its various DEA registered subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor. Defendant Rite Aid is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor under the following named business entities: Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc., Rite Aid of Massachusetts, Rite Aid of Michigan, and Rite Aid of West Virginia, Inc. Rite Aid distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Rite Aid is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

2.9 Defendant **Walgreens Boots Alliance, Inc.,** is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. is registered to conduct business and/or

conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Walgreen Co.; Walgreen Eastern Co., Inc.; Walgreen Arizona Drug Co. (collectively "Walgreens"). Walgreens distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walgreens is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

2.10    Defendant **Walmart Inc.,** ("Walmart") formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Wal-Mart Warehouse #28; Wal-Mart Warehouse #6045 aka Wal-Mart Warehouse #45; Wal-Mart Warehouse # 6046 aka Wal-Mart Warehouse #46 and Wal-Mart Stores East, LP. Walmart distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walmart is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

2.11    Defendant **Anda, Inc.,** ("Anda") through its various DEA registrant subsidiaries and affiliated entities, including but not limited to, Anda Pharmaceuticals, Inc., is the fourth largest distributor of generic pharmaceuticals in the United States. Anda, Inc. is a Florida corporation with its principal office located in Weston, Florida. In October 2016, Defendant Teva acquired Anda from Allergan plc (i.e., Defendant Actavis), for $500 million in cash. Anda is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Anda distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Anda is sued as a Distributor Defendant.

2.12    Defendant **Sandoz, Inc, ("Sandoz")** is a division of Novartis Pharmaceuticals Corporation ("Novartis") is registered as a Delaware corporation with its principal place of business

in East Hanover, New Jersey. Sandoz is a Colorado corporation with its principal place of business in Princeton, New Jersey. Sandoz principally develops, manufactures, markets, and distributes generic pharmaceutical products. Upon information and belief, at all times relevant. Sandoz manufactured, promoted, distributed and/or sold opioids nationally, and in Plaintiff's Community in violation of the duties owed to Plaintiff and in sufficient quantities to proximately cause Plaintiff's injuries as set forth herein.

2.13    Defendant **Mylan Pharmaceuticals, Inc.** dba Mylan Pharmaceuticals is a West Virginia corporation with its principal place of business located in Morgantown, WV. Mylan Pharmaceuticals is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Mylan Pharmaceuticals distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Mylan Pharmaceuticals is sued as a Marketing Defendant.

COMMON FACTUAL ALLEGATIONS

3.    By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Tribal Bellwether Plaintiffs'* Pleadings as identified in the Court's Order implementing the Tribal Plaintiff Short Form procedure. Doc. # 1680.

***Muscogee (Creek) Nation's** First Amended Complaint, (Doc. 731, 1:17-md-02804)*:
☒ Common Factual Allegations (¶¶96-98)
☒ Common Factual Allegations - Marketing Manufacturers (¶¶99-156)
☒ Common Factual Allegations - Generic Marketing Manufacturers (¶¶157-161)
☒ Common Factual Allegations - Diversion Defendants (¶¶162-165)
☒ Common Factual Allegations - Diversion Defendants and Distributor Defendants (¶¶166-169, 200-211)
☒ Common Factual Allegations - Distributor Defendants (¶¶212-223, 230-236)

☒ Common Factual Allegations - Pharmacy Defendants (¶¶170-177, 237-262)
☒ Common Factual Allegations - Diversion Manufacturer Defendants (¶¶224-229)
☒ Common Factual Allegations - RICO Marketing Enterprise (¶¶295-328)
☒ Common Factual Allegations - RICO Supply Chain Enterprise (¶¶329-352)

***The Blackfeet Tribe of the Blackfeet Indian Reservation's* Corrected First Amended Complaint (Redacted), (Doc. 9, 18-op-45749):***
☒ Common Factual Allegations (¶¶99-143, 480-585, 636-650, 721-735)
☒ Common Factual Allegations - Marketing Defendants (¶¶144-468, 701-720, 736-763)
☒ Common Factual Allegations - Distributor Defendants (¶¶469-473)
☒ Common Factual Allegations - Supply Chain Defendants (¶¶474-479)
☒ Common Factual Allegations - National Retail Pharmacy Defendants (¶¶586-635)
☒ Common Factual Allegations - RICO Marketing Enterprise (¶¶764-798)
☒ Common Factual Allegations - RICO Supply Chain Enterprise (¶¶799-827)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

**N/A**

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Tribal Bellwether Plaintiffs'* Pleadings as identified in the Court's implementing order and any subsequent amendments, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against the "Marketing Manufacturer Defendants") (*Muscogee (Creek)* Pleadings, Paragraphs 353-379)

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Blackfeet* Pleadings, Paragraphs 828-855)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against All Defendants) (*Muscogee (Creek)* Pleadings, Paragraphs 380-

8

N
N

408)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Blackfeet* Pleadings, Paragraphs 856-887)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

N/A

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

N/A

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Tribal Bellwether* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: August 12, 2019　　　　　　　　　/s/Anthony J. Majestro
　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff(s)*
　　　　　　　　　　　　　　　　　　　　Anthony J. Majestro
　　　　　　　　　　　　　　　　　　　　J.C. Powell
　　　　　　　　　　　　　　　　　　　　James S. Nelson
　　　　　　　　　　　　　　　　　　　　Christina L. Smith
　　　　　　　　　　　　　　　　　　　　**POWELL & MAJESTRO, PLLC**
　　　　　　　　　　　　　　　　　　　　405 Capitol Street, Suite P-1200
　　　　　　　　　　　　　　　　　　　　Charleston, WV 25301
　　　　　　　　　　　　　　　　　　　　Tel.: 304-346-2889
　　　　　　　　　　　　　　　　　　　　Fax: 304-346-2895
　　　　　　　　　　　　　　　　　　　　amajestro@powellmajestro.com
　　　　　　　　　　　　　　　　　　　　jcpowell@powellmajestro.com
　　　　　　　　　　　　　　　　　　　　jnelson@powellmajestro.com
　　　　　　　　　　　　　　　　　　　　csmith@powellmajestro.com

/s/J. Burton LeBlanc, IV
Russell W. Budd
J. Burton LeBlanc, IV
Christine C. Mansour
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
lbaughman@baronbudd.com
cmansour@baronbudd.com

/s/Peter J. Mougey
Peter J. Mougey
Troy Rafferty
Archie C. Lamb, Jr.
Page A. Poerschke
Laura S. Dunning
Jeffrey Gaddy
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
alamb@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
jgaddy@levinlaw.com

/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
M. Bert Ketchum, III
**Greene, Ketchum, Farrell,**
**Bailey & Tweel, LLP**
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Phone:  800.479.0053 or 304.525.9115
Fax:      304.529.3284
paul@greeneketchum.com
bert@greeneketchum.com


/s/James C. Peterson
R. Edison Hill (WVSB No. 1734)
James C. Peterson (WVSB No. 2880)
Harry C. Deitzler (WVSB No. 981)
Aaron L. Harrah (WVSB No. 9937)
Sandra B. Harrah (WVSB No. 7130)
Douglas A. Spencer (WVSB No. 9369)
**HILL, PETERSON, CARPER,**
**BEE & DEITZLER, PLLC**
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311
Tel.:  304-345-5667
Fax:  304-345-1519
jcpeterson@hpcbd.com
rehill@hpcbd.com
HGDeitzler@hpcbd.com
aaron@hpcbd.com
sandra@hpcbd.com
doug@hpcbd.com


/s/Michael J. Fuller, Jr.
Michael J. Fuller, Jr.
Amy J. Quezon
**MCHUGH FULLER LAW GROUP,**
**PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS  39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
 amy@mchughfuller.com